# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3420

———————

United States of America,

   Appellee,

  v.

Timothy Lee Wilson,

   Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Northern
\*  District of Iowa.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: May 10, 2010
Filed: March 9, 2011

———————

Before RILEY, Chief Judge, JOHN R. GIBSON[1] and MURPHY, Circuit Judges.

———————

PER CURIAM.

Timothy Lee Wilson pled guilty to one count of possession with intent to distribute cocaine base and tablets containing MDMA, methamphetamine, and ketamine after having been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. Following a sentencing hearing, the

---

[1]The Honorable John R. Gibson retired from service on this court on January 26, 2011. This opinion is consistent with his vote at the panel's conference on May 10, 2010. See also 8th Cir. Rule 47E.

district court[2] sentenced Wilson to 292 months imprisonment. Wilson now appeals, arguing the district court abused its discretion in refusing to vary downward based on the sentencing disparity between crack and powder cocaine. We affirm Wilson's sentence.

Following Wilson's guilty plea, the United States Probation Office prepared a presentence investigation report which calculated Wilson's advisory range under the United States Sentencing Guidelines (U.S.S.G.) as 292 to 360 months imprisonment (capped by the 30-year statutory maximum). Wilson filed a motion for a downward departure or variance based on the disparate treatment in sentencing for crack and powder cocaine. See U.S.S.G. § 2D1.1.

At sentencing, the district court determined the record did not support a variance, noting Wilson's "extensive and serious criminal history" and record of "assaultive behaviors." Recognizing that Wilson committed this offense while on supervised release, the district court concluded Wilson's "recidivist risk [was] high." Based on these circumstances, the district court declined to vary downward and sentenced Wilson to 292 months, the low end of the advisory guidelines range.

Wilson argues the district court abused its discretion by not granting a downward variance due to the sentencing disparity between crack and powder cocaine. "[W]e have consistently held that district courts are not required to vary downward based on the crack/powder disparity in the advisory guidelines." United States v. Brewer, 624 F.3d 900, 909 (8th Cir. 2010).

The district court considered and rejected Wilson's request for a variance based on the sentencing disparity between crack and powder cocaine. The district court

_____

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

expressed appropriate and well-supported reasons for its decision, and did not abuse its considerable discretion in refusing to vary downward.

We affirm.

_____